```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - -x
THE UNITED STATES OF AMERICA,
            Plaintiff,           Criminal Action No.
vs.                              21-CR-00638-TJK-1
                                 November 2, 2021
GILBERT FONTICOBA,               1:16 p.m.
            Defendant.
- - - - - - - - - - - - - - - -x
THE UNITED STATES OF AMERICA,
            Plaintiff,           Criminal Action No.
vs.                              21-CR-00650-RDM-1
                                 November 2, 2021
PAUL COLBATH,                    1:16 p.m.
            Defendant.
- - - - - - - - - - - - - - - -x
_____
        TRANSCRIPT OF INITIAL APPEARANCE AND ARRAIGNMENT
    HELD VIRTUALLY BEFORE THE HONORABLE ROBIN M. MERIWEATHER
                 UNITED STATES MAGISTRATE JUDGE
_____
```

APPEARANCES:

For the United States:   AUSA Frederick Yette
                         U.S. Attorney's Office
                         555 4th Street NW
                         Washington, DC 20530
                         202.252.7233

For the Defendant        Aubrey Webb, Esq.
Gilbert Fonticoba:       Law Offices of Aubrey Q. Webb, P.A
                         55 Merrick Way, Suite 212
                         Coral Gables, Florida 33134
                         305.461.1116
                         and
                         Charles R. Haskell, Esq.
                         Law Offices of Charles R. Haskell, P.A.
                         641 Indiana Avenue, NW
                         Washington, DC 20004
                         202.888.2728

For the Defendant        Emily Deck Harrill, Esq.
Paul Colbath:            Office of the Federal Public Defender
                         1901 Assembly Street, Suite 200
                         Columbia, South Carolina 29201
                         803.765.5079

                Kathleen Silva, kathysilva@verizon.net
            Digitally recorded and stenographically transcribed

```
 1                    P R O C E E D I N G S
 2             COURTROOM DEPUTY:  This Honorable Court is now in
 3   session, Magistrate Judge Robin M. Meriweather presiding.
 4             Criminal case number 2021-638, the United States
 5   of America versus Gilbert Fonticoba.  Fred Yette standing in
 6   for Nadia Moore and Jason McCullough as government counsel.
 7   Charles Haskell and Aubrey Webb are defense counsel.
 8   Da'Shanta' Valentine-Lewis is the Pretrial Services officer.
 9   The defendant is participating by video.  This case is
10   called for an initial appearance and an arraignment.
11             Criminal Case Number 2021-650, the United States
12   of America versus Paul Colbath.  Fred Yette standing in for
13   Alison Prout as government counsel.  Emily Harrill is
14   defense counsel.  Da'Shanta' Valentine-Lewis is the Pretrial
15   Services officer.  The defendant is participating by video.
16   This case is called for an initial appearance and an
17   arraignment.
18             THE COURT:  Thank you.  You may be seated.
19             I'll just at this time remind anyone who is
20   listening to this hearing on the public line, as well as
21   those of you participating by video, that recording and
22   rebroadcasting court proceedings is strictly prohibited
23   under Chief Judge Howell's standing order 20-20.
24             Violating that rule could lead to sanctions, which
25   could include the loss of court-issued media credentials or
```

1   restrictions or denials of entry to future hearings, as well
2   as any other sanctions that the presiding judge believes is
3   necessary.
4          My courtroom deputy has just called these two
5   cases together because they're on the same procedural
6   posture.  There are some things that will be common to the
7   cases.  I will for efficiency go over the common information
8   while the cases are jointly called.  Then we will re-call
9   the cases individually.  When the cases are re-called, at
10  that time, if there are any issues to be dealt with
11  regarding appointment of counsel, I will deal with that.  I
12  will address any requests or argument regarding conditions
13  of release.  To the extent the defendants need to be
14  arraigned, I will also do that when the cases are re-called,
15  and then we will address scheduling the next court date.
16         Based on my review of the record, it appears that
17  the arresting jurisdictions addressed the Rule 5 information
18  at the initial appearances where they would notify both
19  defendants what they've been charged with, what their rights
20  are.  So I don't plan to repeat that.  But if either defense
21  counsel believes that your client was not notified of that
22  information in the arresting jurisdiction, let me know when
23  your case has been re-called and I'll go over it at that
24  time.
25         Defense counsel, when you announce your appearance

1   on the record, when your client's case is re-called, please
2   state your name, who you represent, whether your client is
3   present there with you, whether your client waives the right
4   to an in-person hearing pursuant to the CARES Act and agrees
5   to proceed by video in light of the coronavirus pandemic.
6   And also if you could just confirm whether you're retained
7   or whether you are seeking Court appointment.
8           To the extent any defense counsel are not yet
9   admitted to this Court's bar or have not entered an
10  appearance yet for other reasons, I will allow you to
11  participate and speak at today's hearing and ask just that
12  you take care of those issues, whether you need to get pro
13  hac vice admission or file some other materials with the
14  Court as soon as possible.  If you are not able to enter an
15  appearance, however, you should send an email to my Court's
16  criminal mailbox, which is Meriweather, M-E-R-I, weather,
17  like the temperature, underscore criminal@dcd.uscourts.gov.
18  That's meriweather_criminal@dcd.uscourts.gov.  Just identify
19  yourself and your client's name and case number and then
20  we'll send you a courtesy copy of anything that I issue in
21  connection with today's hearing because you wouldn't be able
22  to get it from the docket if your appearance has not been
23  entered yet.
24          Okay.  To the extent that either defendant -- did
25  someone say something?  No.  Okay.

1          To the extent that either defendant's most serious
2    charges are a Class A misdemeanor, which I believe may be
3    the case for Mr. Colbath, I do want to advise you that you
4    have the right to a jury trial, a bench trial or judgment
5    and sentencing before a United States district judge unless
6    you consent to proceed before a United States magistrate
7    judge.  In either instance, the case would be randomly
8    assigned.
9          At this time let me also advise the United States
10   of its obligations pursuant to Federal Rule of Criminal
11   Proceed 5(f) to produce all exculpatory evidence to the
12   defendant pursuant to *Brady v. Maryland* and its progeny.
13   Failing to do so in a timely manner could lead to sanctions.
14   Those sanctions could include the exclusion of evidence,
15   adverse jury instructions, the dismissal of charges, or
16   contempt proceedings.
17         I anticipate that the United States will not be
18   seeking pretrial detention in either of these two cases but
19   will instead be proposing conditions of release.  I will
20   hear and resolve any arguments from counsel on those
21   proposed release conditions and then set the conditions when
22   the cases are re-called.
23         The conditions I set may differ from the
24   conditions that were set in the arresting jurisdiction.  We
25   will issue an order setting conditions of release for this

1   Court.  Defense counsel may need to follow up to confirm
2   that the arresting jurisdiction has closed out its case
3   after you have received the conditions of release from our
4   Court so you're not subject to two competing sets of release
5   conditions.
6              And then we will send -- the conditions of release
7   order, we'll send -- that will be docketed and if counsel is
8   not receiving that, we'll send a courtesy copy by email.
9              There are certain baseline conditions of release
10  that reflect the minimum conditions that the United States
11  has been requesting in similar cases.  They may be
12  requesting more serious conditions for either of these two
13  defendants.  But I will at this time ask Mr. Yette to state
14  on the record, if you could identify the baseline or
15  standard release conditions so that, to the extent you're
16  requesting them in these cases, we don't have to repeat them
17  twice.
18             MR. YETTE:  Yes, Your Honor.  We will be
19  requesting the standard release conditions in both cases and
20  they are that the defendant stay away from the District of
21  Columbia unless for court, pretrial or consultation with an
22  attorney; that they report to Pretrial Services from their
23  home jurisdiction as directed and verify their addresses if
24  they haven't done so already; that they notify pretrial
25  services in advance of any travel within the U.S. outside of

1     their home federal court jurisdictions; that they obtain
2     Court approval to travel outside of the continental U.S.;
3     that they participate in all future proceedings as directed;
4     that they not possess any firearms, destructive devices or
5     dangerous weapons; and that they not commit any local, state
6     or federal crimes.
7             Thank you, Your Honor.
8             THE COURT:  Thank you.  Then I'll hear from
9     defense counsel when your cases are re-called on those
10    conditions.
11            I will set release conditions after I hear from
12    all sides and pretrial about what the conditions should be.
13    When I issue that release order, it will contain a list of
14    warnings about the consequences of violating your release
15    conditions.  I'll go over that orally now.
16            If either defendant violates a condition of
17    release, that could lead to a warrant for your arrest.  Your
18    release could be revoked.  You could find yourself held in
19    custody while you're awaiting trial or you could face
20    contempt proceedings.
21            If you commit any crimes while you're on pretrial
22    release, that also could lead to a warrant for your arrest.
23    Your release could be revoked.  You could be held in custody
24    while you're awaiting trial and you could also face a longer
25    sentence for committing that crime while you're on release

1      than you otherwise would have faced for committing that
2      crime.
3             And then finally, if you fail to appear for court
4      proceedings while you're on pretrial release, that could
5      also lead to a warrant for your arrest.  Your release could
6      be revoked.  You could be held in custody while you await
7      trial and you could face additional charges for failure to
8      appear.
9             And then when we re-call the cases after we deal
10     with the release conditions, we will discuss -- I will set
11     the next court date or advise you of the next date that's
12     been set by the presiding district judge or I'll
13     alternatively tell you how to get a next date if the
14     district judge has not yet set that date.
15            Mr. Yette, do you anticipate requesting any Speedy
16     Trial Act exclusions for these cases?
17            MR. YETTE:  Yes, Your Honor.  In both cases we
18     would request that the Speedy Trial clock be tolled until
19     the next court date.  And the basis for that request is
20     that, first, Chief Judge Howell's standing order 21-62 tolls
21     time through December 15, 2021 in all cases that cannot be
22     tried consistent with health and safety protocols and
23     limitations related to COVID-19, the pandemic.
24            Second, the defendants are charged in what is
25     likely the largest criminal prosecution in U.S. history and

1  one that the government is continuing to investigate in
2  which over 600 defendants have been charged.  The
3  investigation has generated an enormous amount of evidence,
4  including, for example, over 14,000 hours of Capitol
5  surveillance video, more than 200,000 tips from the public
6  and 250 terabytes of total data.
7          The government is investigating and reviewing this
8  and other evidence expeditiously and has begun producing
9  discovery to defendants consistent with our constitutional
10 and statutory obligations.  But doing so will take time and,
11 thus, the ends of justice are served by tolling time and
12 those interests outweigh the best interest of the public and
13 the defendant in a speedy trial.
14         Thank you.
15         THE COURT:  Thank you, Mr. Yette.
16         At this time I'm ready to re-call one of the two
17 cases.  Ms. Kay, could you let me know which one to do
18 first.
19         COURTROOM DEPUTY:  Yes, Your Honor, I'm going to
20 call Mr. Fonticoba's case first.
21            (Proceeding in separate transcript.)
22                  (Adjourned at 1:28 p.m.)

CERTIFICATE OF TRANSCRIBER

I, KATHLEEN SILVA, RPR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript transcribed from the audio recording and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 21st day of March, 2024.

/s/Kathleen Silva, RPR, CRR

Kathleen Silva, RPR, CRR